Alfred Clayton, Jr.
ABA No. 9111079
CLAYTON & DIEMER, LLC
500 L Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 276-2999
Facsimile: (907) 276-2956
E-mail: Al.Clayton@cdlaw.pro

Lawyers for Plaintiff Capitol Specialty Insurance Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> ADAM KANGAS and <br> DAVID K. BROWNE <br><br> Defendants. | Case No. 3:20-cv-00029-JWS |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Capitol Specialty Insurance Corporation, through its lawyers, Clayton & Diemer LLC, complains and alleges as follows:

**PARTIES**

1. Plaintiff Capitol Specialty Insurance Corporation ("CapSpecialty") is a corporation organized under the laws of the State of Wisconsin with its principal place of business in Middleton, Wisconsin. Plaintiff is, and was at all times relevant to this complaint, authorized to transact business in the State of Alaska and is qualified in all respects to bring this action.

2. Upon information and belief, Defendant Adam Kangas ("Kangas") is a resident and citizen of the State of Indiana.

3. Upon information and belief, Defendant David K. Browne ("Browne") is a resident and citizen of the State of Alaska.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment and other relief, for which the Court has jurisdiction pursuant to 28 U.S.C. § 2201.

5. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because the District of Alaska at Anchorage is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## GENERAL ALLEGATIONS

7. CapSpecialty issued a Commercial General Liability and Inland Marine policy of insurance, Policy No. CS02855616-01, for the policy period January 8, 2018 to January 8, 2019 ("the Policy") to the named insured David Browne. A true and correct copy of the Policy is attached hereto as Exhibit 1.

8. At all times relevant to this Complaint for Declaratory Relief, Browne was acting as a contractor engaged in the construction of a dwelling on property located at 10915 Totem Rd. in Anchorage, Alaska ("the Project").

9. In January 2018, Browne hired Rob Tingstrom to frame the Project. Browne agreed that Rob Tingstrom would select laborers, subject to Browne's approval, to help frame the Project.

10. On January 25, 2018, Rob Tingstrom emailed to Browne a list of laborers selected to help frame the Project. The January 25, 2018 email listed "Adam Kangas $20.00hr pos. Bonus". A true and correct copy of the January 25, 2018 email is attached hereto as Exhibit 2 [DKB 001672].

11. On or about the end of January 2018, Rob Tingstrom informed Kangas that Browne had agreed to allow Kangas to work on the Project and that Kangas would be paid $20 per hour. Kangas began working on the Project on or about February 5 or 6, 2018.

12. On or about February 8, 2018, while Kangas was working on the Project, a steel beam struck Kangas, causing him to sustain bodily injuries ("the accident").

13. On or about June 7, 2018, Kangas filed a Complaint for damages against Browne in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-18-07191 CI, alleging that as a proximate result of the negligent acts or omissions of Browne, Kangas sustained injuries while performing work on the Project at 10915 Totem Rd. in Anchorage, Alaska (hereinafter referred to as "the underlying Complaint"). A true and correct copy of the underlying Complaint is attached hereto as Exhibit 3.

14. Browne tendered defense of the underlying Complaint to CapSpecialty. On or about September 6, 2018, CapSpecialty agreed to pay the reasonable costs of the defense of the underlying Complaint subject to a full reservation of rights to disclaim any duty to defend or indemnify Browne.

## CLAIM FOR DECLARATORY RELIEF

15. CapSpecialty incorporates by reference all allegations in paragraphs 1-14.

16. The liability insurance provided by CapSpecialty Commercial General Liability Coverage Form, Policy No. CS02855616-01, is subject to exclusions from coverage. The claims

asserted against Browne by Kangas in the underlying Complaint are excluded from coverage pursuant to one or more of the following Policy exclusions:

    A.    The Policy, Policy No. CS02855616-01, Coverage A – Bodily Injury and Property Damage, does not apply to:

> **d. Workers' Compensation And Similar Laws**
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
>
> **e. Employer's Liability**
> "Bodily injury" to:
> **(1)** An "employee" of the insured arising out of and in the course of:
>     **(a)** Employment by the insured; or
>     **(b)** Performing duties related to the conduct of the insured's business; or
> **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract".
> . . .

Exhibit 1, Form CG 00 01 04 13 at pp.1- 2.

    B.    The Policy, Policy No. CS02855616-01, does not apply to bodily injury to:

> (1) An employee of any insured arising out of and in the course of employment,
> (2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above.
>
> This exclusion applies:
>
> (1) Whether an insured may be liable as an employer or in any other capacity;
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury; and

Complaint for Declaratory Judgment      *Capitol Specialty Ins. Corp. v. Browne*
Page 4 of 7      Case No. 3:19-cv-_____
Case 3:20-cv-00029-JWS    Document 1    Filed 02/12/20    Page 4 of 7

(3) To any insured against whom a claim is made or suit is brought for such bodily injury, personal injury or advertising injury, whether by or on behalf of an employee of that insured or any other insured.

For the purpose of this exclusion the term "employee" includes loaned, rented, leased or temporary employees, as well as persons who qualify as borrowed servants or employees or persons who are or may be deemed employees of any insured under the doctrines of borrowed servant, borrowed employee, respondent superior or any similar doctrine, or for whom any insured maybe held liable as an employer.

Exhibit 1, Third-Party-Over Action Exclusion Endorsement GGL 399 (06-11).

C. The Policy, Policy No. CS02855616-01, does not apply as follows:

### 5. EXCLUSION – NON-EMPLOYEE LABOR

This insurance does not apply to "bodily injury" or "personal and advertising injury" to, or medical expenses for, any person who participates in the course of work performed by you, who is not employed, subcontracted or being compensated in any way by you.

### 6. EXCLUSION – CONTRACTED PERSONS

This insurance does not apply to "bodily injury," "property damage," "personal and advertising injury" or medical expense sustained by any person who is:

    a. Contracted with you or with any insured for services; or
    b. Employed by, leased to or contracted with any entity that is:
    c. Contracted with you or with any insured for services; or
    d. Contracted with others on your behalf for services.
. . .

Exhibit 1, Amendatory Endorsement -Contractors CGL 437 (01-13) at pg. 3.

D. The Policy, Policy No. CS02855616-01, does not apply to:

'Bodily injury' to:

**(1)** A person arising out of any:
**(a)** Refusal to employ that person;
**(b)** Termination of that person's employment; or
**(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation,

Complaint for Declaratory Judgment                                            *Capitol Specialty Ins. Corp. v. Browne*
Page 5 of 7                                                                                       Case No. 3:19-cv-_____
Case 3:20-cv-00029-JWS    Document 1    Filed 02/12/20    Page 5 of 7

Complaint for Declaratory Judgment — *Capitol Specialty Ins. Corp. v. Browne*
Page 5 of 7 — Case No. 3:19-cv-_____
Case 3:20-cv-00029-JWS   Document 1   Filed 02/12/20   Page 5 of 7

harassment, humiliation, discrimination or malicious prosecution directed at that person; or

**(2)** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs **(a), (b),** or **(c)** above is directed.

This exclusion applies:

**(1)** Whether the injury-causing event described in Paragraphs **(a), (b)**, or **(c)** above occurs before employment, during employment or after employment of that person;
**(2)** Whether the insured may be liable as an employer or in any other capacity; and
**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Exhibit 1, Employment Related Practices Exclusion CG 21 47 12 07.

E. The Policy, Policy No. CS02855616-01, does not apply to bodily injury to:

**(1)** Any independent contractor or the "employee" of any independent contractor while such independent contractor or their "employee" is working on behalf of any insured: or
**(2)** The spouse, child, parent, brother, sister or other family member of any such independent contractor or "employee" of the independent contractor as a consequence of **(1)** above.

This exclusion applies:

**(3)** Whether the insured may be liable as an employer or in any other capacity; and

**(4)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Exhibit 1, Exclusion – Bodily Injury to Independent Contractors CGL 176 (01-13).

17. CapSpecialty is entitled to a declaration that the claims asserted against Browne in the underlying Complaint attached hereto as Exhibit 3 are not covered under the CapSpecialty Policy, Policy No. CS02855616-01.

Complaint for Declaratory Judgment
Page 6 of 7

*Capitol Specialty Ins. Corp. v. Browne*
Case No. 3:19-cv-_____
Case 3:20-cv-00029-JWS   Document 1   Filed 02/12/20   Page 6 of 7

18. CapSpecialty is entitled to a declaration that CapSpecialty has no duty under the terms of the Policy, Policy No. CS02855616-01, to defend Browne against the claims asserted by Kangas in the underlying Complaint attached hereto as Exhibit 3.

19. CapSpecialty is entitled to a declaration that CapSpecialty has no duty under the terms of the Policy, Policy No. CS02855616-01, to indemnify Browne for any sums he becomes legally obligated to pay Kangas as a result of the underlying lawsuit filed by Kangas.

WHEREFORE, Plaintiff CapSpecialty respectfully prays for relief as follows:

1. For a judgment declaring that the claims asserted against Browne in the underlying Complaint attached hereto as Exhibit 3 are not covered under the CapSpecialty Policy, Policy No. CS02855616-01;

2. For a judgment declaring that CapSpecialty has no duty under the terms of the Policy, Policy No. CS02855616-01, to defend Browne against the claims asserted by Kangas in the underlying Complaint attached hereto as Exhibit 3;

3. For a judgment declaring that CapSpecialty has no duty under the terms of the Policy, Policy No. CS02855616-01, to indemnify Browne for any sums he becomes legally obligated to pay Kangas as a result of the underlying Complaint filed by Kangas; and

4. For such other relief as the Court deems just and proper.

Dated this 11th day of February, 2020, Anchorage, Alaska.

CLAYTON & DIEMER, LLC
Attorneys for Plaintiff
Capitol Specialty Insurance Corporation

By:  */s/ Alfred Clayton, Jr.*
      Alfred Clayton, Jr.
      ABA No. 9111079

Complaint for Declaratory Judgment                    *Capitol Specialty Ins. Corp. v. Browne*
Page 7 of 7                                           Case No. 3:19-cv-_____
Case 3:20-cv-00029-JWS   Document 1   Filed 02/12/20   Page 7 of 7